**LEONARD'S TV, INC., Appellant,**

v.

**John THORP and Dorothy Thorp, Respondents.**

No. 47320.

Missouri Court of Appeals,
Eastern District,
Division Six.

May 15, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 18, 1984.

Robert M. Paskal, Clayton, for appellant.

Reuben A. Shelton, Harry B. Wilson, St. Louis, for respondents.

CLEMENS, Senior Judge.

Corporate seller-defendant Leonard's TV appeals the trial court's denial of its motion to set aside an announced $4,000 settlement in favor of plaintiff-buyers. Just before trial both parties' counsel told the trial court they had settled and defendant had agreed to pay plaintiffs $4,000. The trial court passed the case for settlement.

When defendant failed to pay, plaintiffs moved for judgment. Defendant testified that when the settlement was reached he understood plaintiffs had never used the equipment, but that they had, and it was no longer salable at the sale price. On cross-examination defendant admitted that at settlement time he knew plaintiffs had used the set for 2 or 3 months.

In ruling against defendant the trial court considered counsels' settlement statements made in chambers: Upon defendant paying plaintiffs $4,000 the equipment would be owned and was to be retrieved by defendant. Plaintiffs' counsel flatly rejected defense counsel's suggestion the settlement was conditioned upon the equipment being in roughly the same condition as when sold. Plaintiffs' counsel then declared they were giving no warranties as to use or condition. On that note the case was passed for settlement.

Defendant's present challenge to the settlement is his contention plaintiffs had then fraudulently represented the condition of the television. As the trial court held, and the quoted settlement record squarely showed, that contention is refuted by the record.

We must affirm a trial court judgment when, as here, it is based on substantial evidence. *Norcomo Corp. v. Franchi Const. Co., Inc.,* 587 S.W.2d 311[3, 4] (Mo. App.1979). Defendant has failed to meet its burden to show, as it must, that the settlement reached was tainted with fraud

or mutual mistake. *Cleghorn v. Terminal Railroad Ass'n of St. Louis,* 289 S.W.2d 13[10–13] (Mo.1956). To the contrary, the judgment was mandated by the record.

Affirmed.

CRIST, P.J., and REINHARD, J., concur.